```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
NORMAN SINRICH,                         :
                                        :
            Plaintiff,                  :      09 Civ. 688 (JSR)
                                        :
        -v-                             :      MEMORANDUM ORDER
                                        :
FERNWOOD ENTERPRISES, INC.,             :
                                        :
            Defendant.                  :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

      This action was originally filed in New York State Supreme Court in December 2008. Plaintiff Norman Sinrich ("Norman") asserts that his claims to assets held in two retirement benefit plans established by his deceased son, William Sinrich ("William"), were improperly denied by the plans' administrator, defendant Fernwood Enterprises, Inc. ("Fernwood"). Defendant removed the action to this Court in January 2009, and plaintiff then moved to remand on the ground that there is no federal subject matter jurisdiction. After full briefing from the parties and oral argument, the Court granted plaintiff's motion. See Memorandum Order dated April 30, 2009. Defendant now moves for reconsideration of that decision.

      The instant dispute concerns whether Norman is entitled to certain death benefits under the Fernwood Enterprises, Inc. Money Purchase Pension Plan (the "Money Purchase Plan") and the Fernwood Enterprises, Inc. Defined Benefit Plan (the "Defined Benefit Plan") (collectively, the "Plans"). According to the complaint, the Plans were established by Fernwood for the benefit of William, who was Fernwood's sole shareholder and sole employee. See Compl. ¶¶ 2, 4.

In 1989, when the Money Purchase Plan went into effect, William was married to Kathleen Molner Sinrich ("Kathleen"), and in 1990, he executed a "beneficiary designation form" providing that Kathleen would be the primary beneficiary of the Money Purchase Plan and that his parents, Norman and Phyllis Sinrich ("Phyllis") would be the secondary beneficiaries. Id. ¶ 8. Although William did not complete a similar beneficiary designation form for the Defined Benefit Plan, under the terms of that plan benefits would go first to the participant's spouse, then to his children, and then to his parents. See Defined Benefit Plan, Ex. B to Declaration of Lindsey Skibell in Support of Plaintiff Norman Sin[r]ich's Motion to Remand ("Skibell Decl."), ¶ 16.7.

William and Kathleen subsequently divorced, and William remarried Nicola Cornwell ("Nicola"). Compl. ¶¶ 9-10. Before marrying William, Nicola signed a prenuptial agreement (the "Prenuptial Agreement") in which she allegedly waived her interest in any benefits from the Plans. See id. ¶ 10. William died in February 2007, id. ¶ 4, and a dispute has now arisen over whether Nicola, on the one hand, or Norman and Phyllis, on the other, are entitled to death benefits under the Plans.

In May 2008, Norman wrote to Elizabeth Holtzman, Esq., who has been appointed administrator of William's estate as well as president of Fernwood, id. ¶ 4, asserting a claim to benefits under the Money Purchase Plan and the Defined Benefit Plan on the ground, in essence, that because Nicola had waived her interest in benefits

2

from the Plans, Norman and Phyllis were entitled to the benefits under the beneficiary designation form as well as under the default provisions of the Plans, see Letter from Norman Sinrich to Elizabeth Holtzman, Esq. dated May 8, 2008, Ex. D to Skibell Decl.; Letter from Norman Sinrich to Elizabeth Holtzman, Esq. dated May 28, 2008, Ex. F to Skibell Decl.  Holtzman, on behalf of Fernwood, denied his claims. See Letter from Elizabeth Holtzman to Norman Sinrich dated May 19, 2008, Ex. E to Skibell Decl.; Letter from Elizabeth Holtzman to Norman Sinrich dated July 10, 2008, Ex. G to Skibell Decl.  Norman alleges that this denial was wrongful and asserts claims for breach of contract and unjust enrichment.

On the motion to remand, plaintiff argued that there is no federal subject matter jurisdiction and so removal was improper. Plaintiff asserts only state-law claims, the complaint makes no reference to federal law, and the parties agree that, because William was both the owner of Fernwood and the sole participant in the Plans, the Plans are not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), see Schwartz v. Gordon, 761 F.2d 864, 867-69 (2d Cir. 1985).  Plaintiff argued that under the "well-pleaded complaint" rule, under which "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987), there is no federal question jurisdiction here.

Defendant, in response, argued that there is federal question jurisdiction under one of the exceptions to the "well-pleaded complaint" rule. Even when the complaint alleges only state-law claims, federal subject matter jurisdiction exists if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983). Defendant argued that such is the case here because the resolution of Norman's claims turns on a substantial issue of federal law.

Specifically, defendant argued that the validity of Norman's claims depends on the interpretation and application of 26 U.S.C. § 417(a)(2), part of that section of the Internal Revenue Code (the "Tax Code") that governs certain deferred-compensation plans, see 26 U.S.C. §§ 401 et seq. Section 417(a)(2) sets forth the requirements for a valid spousal waiver of rights to a "qualified preretirement survivor annuity." According to defendant, the validity of the Prenuptial Agreement as a waiver of benefits under the Plans must be assessed under this provision. Plaintiff countered that an argument that the Prenuptial Agreement does not constitute a valid waiver under the Tax Code is simply a federal-law defense, which cannot be a ground for removal, see Caterpillar, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense,... even if the defense is anticipated in the plaintiff's complaint, and

4

even if both parties concede that the federal defense is the only question truly at issue." ).

Defendant further argued, however, that it was not merely asserting a federal-law defense but rather that it had denied Norman's claim on federal law grounds and that Norman challenged that determination. Fernwood, as the administrator of the Plans, has discretion to construe their terms, see Money Purchase Plan ¶ 2.4; Defined Benefit Plan ¶ 23.1, and so, defendant argued, the Court was being asked to deferentially review its application of federal law to Norman's claim. Fernwood pointed to D'Alessio v. New York Stock Exchange, 258 F.3d 93 (2d Cir. 2001), as an analogous case. There, plaintiff brought state law tort and breach of contract claims against the New York Stock Exchange ("NYSE") and certain NYSE officials. Defendant had removed the case to federal court, and plaintiff challenged that removal. The Second Circuit found that there was federal question jurisdiction because

> the gravamen of D'Alessio's state law claims is that the NYSE and its officers conspired to violate the federal securities laws and various rules promulgated by the NYSE and failed to perform its statutory duty, created under federal law, to enforce its members' compliance with those laws.

Id. at 101 (emphasis in original). Fernwood argued that it is in a similar position to the NYSE in that it, as administrator of the Plans, was obliged to ensure that they comport with the relevant provisions of the Tax Code and to apply those provisions to Norman's claim.

The Court rejected this argument because it found, as an initial matter, that although the Plans do indicate that they were

intended to be "qualified plans" within the meaning of § 401(a) of the Tax Code and contain provisions governing spousal waiver that comply with the requirements set forth in § 417(a)(2)(A) of the Tax Code, Holtzman had not invoked or relied upon the Tax Code or any other applicable federal law in denying Norman's claim.  Instead, the letters before the Court showed that Holtzman had cited predominantly state-law grounds, including the requirements of the plan agreements and a settlement agreement Norman had entered into in Surrogate's Court in January 2008 relinquishing claims against William's estate (the "Settlement Agreement"), as well as ERISA (which was not in fact applicable, as the parties now agree).  See Letter from Elizabeth Holtzman to Norman Sinrich dated May 19, 2008, Ex. E to Skibell Decl.; Letter from Elizabeth Holtzman to Norman Sinrich dated July 10, 2008, Ex. G to Skiball Decl.  The letters did not contain any reference to the Tax Code.

The basis for the instant motion for reconsideration is additional evidence that was not previously before the Court that, according to defendant, shows that Holtzman did in fact invoke the Tax Code in denying Norman's claim.  Specifically, after Norman appealed Fernwood's initial denial of his claim, in part on the ground that ERISA was not applicable to the plans, Holtzman wrote him two additional letters in which she did assert that the applicable provisions of the Tax Code rendered his claim invalid.  See Declaration of Elizabeth Holtzman dated May 11, 2009 ("Holtzman Decl.") ¶¶ 5, 8-15.

6

Defendant does present additional evidence that was not before the Court when plaintiff's motion to remand was decided. Properly, this evidence should have been presented previously, rather than on a motion for reconsideration. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (stating that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").  However, in fairness, it was not obvious before the Court rendered its decision that these additional materials were potentially material.  The Court rested its decision, in part, on Holtzman's seeming failure to rely on § 417 of the Tax Code in denying Norman's claim, and the additional materials now submitted by defendant do indicate that one of the numerous reasons given by the administrator for denying Norman's claim was the purported invalidity of the Prenuptial Agreement as a spousal waiver under § 417 of the Tax Code (although Holtzman relied initially, and predominately, on state-law grounds). See Letter from Elizabeth Holtzman to Norman Sinrich dated July 17, 2008, Ex. D to Holtzman Decl. (citing, in addition to the Tax Code, the decedent's failure to waive the Money Purchase Plan's pre-retirement survivor annuity, the decedent's purported revocation of his designation of Norman and Phyllis as beneficiaries, and the Settlement Agreement); Letter from Elizabeth Holtzman to Norman Sinrich dated October 24, 2008, Ex. H to Holtzman Decl. (citing, in addition to the Tax Code, provisions of

the Defined Benefit Plan, the Prenuptial Agreement, and the Settlement Agreement).

But even assuming _arguendo_ that these additional letters are properly before the Court, these letters do not alter the Court's determination that remand is appropriate.  As the Court noted in its April 30, 2009 Memorandum Order, the duties of Fernwood as administrator of the Plans are not created under or codified by federal law.  In this sense, Fernwood's position is not analogous to that of the NYSE in _D'Alessio_, see 258 F.3d at 101 (stating that the NYSE has a federal statutory duty to enforce its members' compliance with federal securities laws), or to that of an administrator of a plan governed by ERISA, see _Firestone Tire & Rubber Co. v. Bruch_, 489 U.S. 101, 110, 115 (1989) (observing that ERISA, at 29 U.S.C. §§ 1101-1114, codifies and applies to ERISA fiduciaries principles drawn from the law of trusts).  Rather, the parties here have entered into a private agreement which, by its terms, is to be construed in accordance with federal law.  Without a federal statutory delegation of authority or duty to the plan administrator, the case does not "implicate[] a federal interest sufficiently substantial to confer subject matter jurisdiction under [28 U.S.C. § 1331]."  _D'Alessio_, 258 F.3d at 101.

For the foregoing reasons, defendant's motion for reconsideration is denied.

The Clerk of the Court is directed to close entry number 19 on the docket and to remand the case to state court.

SO ORDERED.

```
Dated:  New York, NY                    _____
        September 28, 2009              JED S. RAKOFF, U.S.D.J.
```

9